# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **JOHNSON & WALES UNIVERSITY,** *Plaintiff,* v. **AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY,** *Defendant.* | Case No. **NOTICE OF REMOVAL** |

Defendant American Guarantee & Liability Insurance Company ("AGLIC"), by and through its undersigned counsel, hereby provides notice of the removal of the case captioned, *Johnson & Wales University v. Am. Guarantee & Liab. Ins. Co.*, No. PC-2021-05585, from the Providence County Superior Court, Providence, Rhode Island to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 as there is complete diversity among the parties and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1446(a), AGLIC provides the following short and plain statement of the grounds for removal:[1]

## I. BACKGROUND

1. On August 27, 2021, Plaintiff Johnson & Wales University ("Plaintiff" or "JWU") filed a complaint in the Providence County Superior Court, Providence, Rhode Island, captioned

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver of AGLIC's right to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

*Johnson & Wales University v. Am. Guarantee & Liab. Ins. Co.*, No. PC-2021-05585 (the "State Court Action").

2. AGLIC was served with the Complaint on September 1, 2021.

3. The Complaint alleges that AGLIC has withheld policy benefits JWU claims it is entitled to as a result of financial losses suffered as a result of SARS-CoV-2 and COVID-19, the resulting actions and orders of civil authorities, and the need to mitigate loss and damage. Compl. ¶ 9. *Id.* ¶ 7. JWU requests compensatory and consequential damages, interest, cost of suit, punitive damages and attorney fees. *See* Compl., Prayer for Relief.

4. AGLIC removed this action to this Court within 30 days of being served, in accordance with 28 U.S.C. § 1446(b).

5. AGLIC has satisfied the procedural requirements of removal and this action is properly removed because this Court has subject matter jurisdiction over the JWU's claims.

## II. REMOVAL IS PROPER

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon AGLIC in the State Court Action are attached as **Exhibit A** to this Notice.

7. This Notice of Removal is filed within 30 days after AGLIC was served with a copy of the Complaint in the State Court Action, and, therefore, removal is timely. *See* 28 U.S.C. § 1446(b).

8. This Court presides in the locality in which the State Court Action was filed, making it the proper forum for removal. *See* 28 U.S.C. § 120.

9. AGLIC is not a citizen of Rhode Island—the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

10. A copy of this Notice of Removal will be served on JWU by United States First-Class mail and electronic mail to its counsel of record in the State Court Action, and a copy is being filed with the Rhode Island Superior Court. *See* 28 U.S.C. § 1446(d).

### III. SUBJECT-MATTER JURISDICTION EXISTS

11. An action may be removed from state court to federal court if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). Here, federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, and this is a civil action between citizens of different states.

#### A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

12. AGLIC is incorporated under the laws of New York and has its principal place of business in Illinois, Compl. ¶ 19, making it a citizen of New York and Illinois. *See* 28 U.S.C. § 1332(c).

13. JWU is a nonprofit corporation incorporated under the laws of the State of Rhode Island and with its principal place of business similarly located within the State of Rhode Island. *See* Compl. ¶ 18. A corporation's citizenship, for diversity jurisdiction purposes, is both the state where it is incorporated and the state "where it has its principal place of business," making JWU a citizen of the State of Rhode Island. *See* 28 U.S.C. § 1332 (c)(1); *Laccinole v. Whitepages, Inc.*, No. CV 16-586 S, 2017 WL 933061, at *2 (D.R.I. Mar. 8, 2017) (same).

14. Accordingly, JWU is a citizen of a state different than AGLIC, making this an action "between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1). As a result, § 1332's requirement of complete diversity is satisfied.

### B. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. The amount in controversy in this action exceeds the $75,000, as required by 28 U.S.C. § 1332(a). Under 28 U.S.C. 1446(c)(2), the amount in controversy is the amount claimed in the plaintiff's initial complaint. If the complaint "demands monetary relief of a stated sum, that sum . . . is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. 1446(c)(2)). If the stated-sum exceeds $75,000, then the court assumes that the amount-in-controversy requirement is satisfied unless it is shown to a "legal certainty" that amount cannot be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Archila v. Integon Nat'l Ins. Co.*, 2017 WL 5633103 (D.R.I. Nov. 21, 2017).

16. In its Compliant, Plaintiff alleges that it suffered "many" millions of dollars business interruption and other losses, beginning in mid-March 2020, as a result of alleged damage to and loss of use of its property. *See, e.g.*, Compl. ¶¶ 6, 15. The Complaint, which was filed in August 2021, further alleges that Plaintiff's damages are "continuing." *Id.* ¶ 109. Plaintiff's allegations of "continu[ing]" losses of "many millions" of dollars clearly satisfies the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See Dart Cherokee Basin Op.*, 574 U.S. at 84.

17. While the Complaint alleges "many millions" of dollars in damages, if the Court does not consider that to be a "sum certain," it is certainly plausible that Plaintiff's claim exceeds the jurisdictional minimum. Where a complaint does not seek a specific amount of damages, AGLIC "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op.*, 574 U.S. at 89. If that amount is challenged, a court must determine whether the jurisdictional threshold is satisfied based on a preponderance

of the evidence. *See id.* at 88. To do so, the "court may look to the notice of removal and any other materials submitted by the parties." *Laccinole v. Whitepages, Inc.*, No. CV 16-586 S, 2017 WL 933061, at *2 (D.R.I. Mar. 8, 2017) (citing *Hogan v. Wal–Mart Stores E., L.P.*, No. CA 13–603 S, 2014 WL 66658, at *3 (D.R.I. Jan. 8, 2014)).

18. Plaintiff claims financial losses spanning over eighteen (18) months, under multiple policies, for a number of locations nationwide, alleging "many millions of dollars" in damages. *See* Compl. ¶¶ 5, 15, 109. Accordingly, on the basis of the Complaint alone, it is plausible that the amount-in-controversy requirement is satisfied.

19. Plaintiff's request for punitive damages and attorney' fees, e.g., Compl. ¶ 161, further supports a finding that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *Ise v. Harborside Rhode Island Ltd. P'ship*, 875 F. Supp. 2d 107 (D.R.I. 2012) (considering plaintiff's claim for punitive damages as part of the Court's amount-in-controversy analysis).

## IV. CONCLUSION

**WHEREFORE**, notice is given that the State Court Action is removed from Providence County Superior Court, Providence, Rhode Island to the United States District Court for the District of Rhode Island.

Dated:  September 22, 2021    Respectfully submitted,

/s/     *Wm Maxwell Daley*
Daniel F. Sullivan (#8169)
Wm Maxwell Daley (# 9477)
**ROBINSON & COLE LLP**
One Financial Plaza, 14th Floor
Providence, RI 02903
Telephone:  (401) 709-3335
DSullivan@rc.com
WDaley@rc.com

-and-

Michael Menapace (*pro hac vice application forthcoming*)
Catherine Baiocchi (*pro hac vice application forthcoming*)
**WIGGIN AND DANA LLP**
20 Church Street, 16th Floor
Hartford, Connecticut 06103
Phone: 1 860 297 3700
Fax: 1 860 297 3799
MMenapace@wiggin.com
CBaiocchi@wiggin.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document has been sent by United States mail and email on September 22, 2021 to:

Joseph D. Whelan
Matthew H. Parker
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI 02903

Kirk Pasich
PASICH LLP
10880 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90024

Peter Halprin
PASICH LLP
757 Third Avenue, 20th Floor
New York, NY 10017

*Counsel for Plaintiff*

/s/   *Wm Maxwell Daley*
Wm Maxwell Daley

21416\17\4814-5517-5931.v1